```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-60968-CV-COHN
                                 (06-60292-CR-COHN)
                         MAGISTRATE JUDGE P. A. WHITE
```

SHERAN LAWRENCE,        :

      Movant,          :

v.                      :          **AMENDED**
                                               REPORT OF
UNITED STATES OF AMERICA, :        MAGISTRATE JUDGE

      Respondent.      :
_____

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking her sentence entered after she pled guilty to conspiracy to commit bank fraud and identity theft in case number 06-60292-CR-COHN.

The Court has reviewed the movant's motion (Cv-DE# 1), the government's response with multiple exhibits (Cv-DE# 7), the movant's reply (Cv-DE# 8), and all pertinent portions of the underlying criminal file.

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following two claims:

        1.    She was denied effective assistance of counsel, where her lawyer failed to adequately challenge the basis for her sentencing enhancement as an organizer or leader under U.S.S.G. § 3B1.1 and failed to file a timely appeal.

  2. She was denied effective assistance of counsel, where her appellate counsel failed to raise the issue of the U.S.S.G. § 3B1.1(a) enhancement.

## Procedural History

The procedural history of the underlying criminal case reveals that on October 17, 2006, the movant, along with eight codefendants, was charged by indictment with various offenses (CR-DE 4). Movant was charged as follows: conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 (Count 1); bank fraud, in violation of 18 U.S.C. § 1344 (Counts 2-48); aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts 49, 53-56); identity theft, in violation of 18 U.S.C. § 1028 (Count 57); and access device fraud, in violation of 18 U.S.C. § 1029 (Count 58).

On March 5, 2007, the movant entered into a negotiated written plea agreement with the government, agreeing to plead guilty to Counts 1 and 57.(CR-DE# 194,196).

Pursuant to the terms of the agreement, the movant acknowledged that the sentence would be imposed by the court after considering the advisory guideline sentence. (CR-DE# 196).  The movant further acknowledged that the court may depart from the applicable advisory guideline range and impose a sentence that is either more or less severe than the guideline sentence.  The movant agreed that the court was required to consider the advisory guideline sentence, but was not bound to impose such a sentence. Rather, the court was permitted to tailor the ultimate sentence in light of other statutory concerns, and that the court could ultimately impose a more severe or less severe sentence than the advisory guideline sentence. The parties agreed that the base

offense level was 7, and that the movant was subject to a 19 point level increase due to the amount of loss, number of victims and an identity theft enhancement. The government agreed to recommend up to a three level reduction in the movant's base offense level based on her timely acceptance of responsibility.

The plea agreement specifically addressed the issue of whether the movant would receive an enhancement based upon her role in the offense. The plea agreement expressly stated that no agreement had been reached on this issue and the parties deferred argument on the issue until the time of sentencing.

The movant also acknowledged and understood that she faced a statutory maximum of up to thirty years on Count 1 and five years on Count 57.

The plea agreement contained an appeal waiver.

On June 5, 2007, the movant appeared at sentencing. The probation office had prepared a Presentence Investigation (PSI) which recommended, *inter alia*, a four level increase for the movant as a leader or organizer. (PSI ¶ 19). Counsel for the movant filed objections to the PSI and specifically objected to the four level increase as a leader or organizer. (CR-DE# 210). At sentencing counsel argued against the enhancement. (CV-DE# 7-1). The trial court agreed with the findings of the PSI and found that the movant was in fact a leader or organizer, equating her involvement with that of one of her co-defendants. Counsel also argued for a reduction in the movant's criminal history category. This argument was rejected by the court based on the movant's twenty convictions which resulted in eighteen criminal history points, five more than necessary to reach a criminal history category of six. Counsel

3

further argued that the court should consider a sentence outside the advisory guidelines. This argument was rejected, and, after considering the arguments of the parties, the PSI, and the statutory factors of 18 U.S.C. § 3553(a), the trial court sentenced the movant to concurrent sentences of 120 months on Count 1 and 60 months on Count 57. (CV-DE# 7-1). The sentence imposed included the four level enhancement as a leader or organizer. No appeal was filed.

On March 6, 2008, movant filed a timely §2255 motion (CR-DE# 269-271; Case No. 08-60307-CIV-COHN, DE# 1, 2). In that motion, movant alleged, *inter alia*, that counsel was ineffective for failing to file a direct appeal as requested by movant. On June 1, 2009, undersigned entered a Report and Recommendation recommending that the motion be granted solely as to the claim of failure to pursue an appeal, that the same sentence be reimposed, and that the movant be permitted to file a direct appeal as dictated by the procedure set forth in United States v. Phillips, 225 F.3d 1198, 1200-01 (11th Cir. 2000). The remaining claims raised in the motion were dismissed without prejudice to being raised in a subsequent §2255 motion upon resolution of her reinstated direct appeal (Case No. 08-60307-CIV-COHN, DE# 21). On June 30, 2009, Judge Cohn adopted the Report and Recommendation and entered a final judgment in movant's favor (Case No. 08-60307-CIV-COHN, DE# 25, 26). Subsequently, on June 30, 2009, the court entered an amended judgment and reimposed the same sentence. (CR-DE# 297).

The movant thereafter pursued her direct appeal. (CR-DE# 298). On appeal the movant was represented by counsel. The movant attacked her sentence on a number of grounds, including the claim that she should not have received a sentencing enhancement as a leader or organizer. (CV-DE# 7-2). On January 12, 2010 the Eleventh

4

Circuit Court of Appeals dismissed the appeal citing the movant's valid appeal waiver. (CR-DE# 309).

## Discussion of Claims

The movant challenges both trial and appellate counsel's effectiveness. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that her counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - that but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

In the case of ineffective assistance during the punishment phase, prejudice is established if "there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993); United States v. Bartholomew, 974 F.2d 39, 42 (5th Cir. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. Id. at 697. However, a movant must establish that the sentence was increased due to counsel's deficient performance. Glover v. United States, 531 U.S. 198, 203-204 (2001).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

Finally, although the sentencing process may be reviewed by the district court on a §2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question. Kett v. United States, 722 F.2d 687, 690 (11th Cir. 1984); see also, Nelson v. United States, 709 F.2d 39, 40 (11th Cir. 1983)(citing, United States v. Diaz, 662 F.2d 713, 719 (11th Cir. 1981); United States v. Becker, 569 F.2d 951, 965 (5th Cir.), cert. denied, 439 U.S. 865 (1978), United States v. White, 524 F.2d 1249, 1254 (5th Cir. 1975), cert. denied, 426 U.S. 922 (1976).); See also Williams v. Alabama, 403 F.2d 1019, 1020 (5th Cir. 1968)(§2254 habeas case)(sentence within statutory limit is generally not subject to constitutional attack); Castle v. United States, 399 F.2d 642, 652 (5th Cir.1968) (§2255 case) (sentence within statutory limit is not reviewable on appeal and does not amount to a constitutional violation). These former Fifth Circuit decisions are controlling authority in this circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

In **claim one**, the movant asserts that she was denied effective assistance of counsel, where her lawyer allegedly failed to argue against the imposition of a sentencing enhancement for her role as a leader or organizer. This claim is refuted by the record. Counsel did challenge this enhancement. Counsel filed written objections to the enhancement. (CR-DE# 210). Counsel argued against the enhancement at the sentencing hearing. (CV-DE# 7-1). Counsel also argued that the movant's criminal history classification should be reduced and that the court should exercise its discretion under United States v. Booker, 543 U.S. 220 (2005). In short, counsel presented a cogent and complete argument in an effort to get the movant a reduced sentence. The trial court, in a proper exercise of discretion, imposed a sentence that was at the bottom of the advisory guideline as reflected in the PSI. Since this counsel did in fact contest the sentence, this claim is clearly refuted by the record.

To a certain extent, the movant also seems to argue that counsel was ineffective for failing to preserve her right to appeal this issue. Again, the record refutes this claim. The plea agreement expressly addressed the issue of whether the movant should receive an enhancement as a leader or organizer. (CR-DE# 196). The parties agreed that this issue would not be addressed in the plea agreement. The plea agreement also contained the appeal waiver. The movant, having knowledge that this issue remained undecided, agreed to plead guilty and waive her appellate rights. The movant has not argued that she was misled as to the outcome of this issue.

Under these circumstances, no deficient performance or prejudice pursuant to Strickland has been established. The record conclusively refutes this claim. Counsel rose the exact challenge

7

that the movant says she should have raised. The trial court imposed a reasonable sentence pursuant to the guidelines.

In **claim two**, the movant asserts that she was denied effective assistance of counsel, where appellate counsel allegedly failed to raise the issue of the enhancement on appeal.

Although the movant contends that counsel failed to raise this claim, the record, as reflected in movant's appellate brief, refutes this claim. Appellate counsel raised the exact issue that the movant claims should have been raised. (CV-DE# 7-2). Counsel argued that the movant should not have received the enhancement as a leader or organizer. The Eleventh Circuit dismissed the movant's appeal upon motion of the government based upon a valid appeal waiver. (CR-DE# 309). Since appellate counsel did pursue this issue the movant cannot establish the deficient performance prong of <u>Strickland</u>.

Furthermore, although the movant contends that counsel was ineffective for failing to raise this issue on appeal, she does not address the fact that her plea agreement contained a valid waiver of appellate rights. That waiver precluded her from taking an appeal "unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing." Since the claim that the movant contends should have been raised did not address either of the grounds under which she could have appealed, there can be no prejudice even if counsel failed to raise the claim. Thus the movant is also unable to establish the prejudice prong of <u>Strickland</u>.

Finally, the movant's request for an evidentiary hearing on

her claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989), <u>citing</u>, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are refuted by the record and without merit. Consequently, no evidentiary hearing is required.

<u>Conclusion</u>

It is therefore recommended that this motion to vacate sentence be denied and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 20TH day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Sheran Lawrence, <u>Pro Se</u>
     Reg. No. 77123-004
     F.C.I. - Tallahassee
     501 Capital Circle, NE
     Tallahassee, FL 32301

     Lawrence M. Bardfeld, AUSA
     United States Attorney's Office
     500 E. Broward Boulevard
     7th Floor
     Fort Lauderdale, FL 33394

9